UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CAPITAL INVESTMENT PTY, LLC,<br><br>        Plaintiff,<br><br>-against-<br><br>ONESTONE CAPITAL, LLC,<br><br>        Defendant. | 1:23-cv-04487 (JLR)<br><br>**ORDER** |

JENNIFER L. ROCHON, United States District Judge:

  Plaintiff filed the Complaint on May 30, 2023. ECF No. 1. The Complaint alleges subject-matter jurisdiction based on diversity of citizenship. *Id.* ¶ 3. It alleges that Defendant Onestone Capital, LLC ("Onestone") is "a limited liability company incorporated in the State of New York with its principal place of business in New York, New York." *Id.* ¶ 2. The Complaint further alleges that Plaintiff Capital Investment PTY, LLC ("Capital PTY") is "a limited liability company incorporated in the State of Florida with its principal place of business in Miami, Florida." *Id.* ¶ 1. Plaintiff filed a disclosure statement pursuant to Federal Rule of Civil Procedure 7.1, which alleges that Adolfo Navas Diaz is the sole member of Capital PTY and is domiciled in Florida. ECF No. 4.

  For diversity purposes, a limited liability company is deemed to be a citizen of each state of which its members are citizens. *See, e.g.*, *Handelsman v. Bedford Vill. Assocs. L.P.*, 213 F.3d 48, 51-52 (2d Cir. 2000). That means that, "if any of an LLC's members are themselves non-corporate entities, then a plaintiff must allege the identity and citizenship of their members, proceeding up the chain of ownership until it has alleged the identity and citizenship of every individual and corporation with a direct or indirect interest in the LLC." *U.S. Liab. Ins. Co. v. M Remodeling Corp.*, 444 F. Supp. 3d 408, 410 (E.D.N.Y. 2020). Here, Plaintiff has not properly

alleged the citizenship of Defendant Onestone, and Plaintiff has therefore not alleged subject-matter jurisdiction based on diversity of citizenship.

Accordingly, it is hereby ORDERED that Plaintiff shall, no later than **June 7, 2023**, file a letter, supported by one or more sworn affidavits, that provides the necessary prerequisites for the Court to exercise subject-matter jurisdiction in this case, including by alleging the identity and citizenship of members of each limited liability company.  If Plaintiff is unable to allege a good-faith basis for complete diversity of citizenship, the action will be dismissed, without further notice to the parties.

Dated: May 31, 2023
         New York, New York

SO ORDERED.

*Jennifer Rochon*
JENNIFER L. ROCHON
United States District Judge