UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CAPITAL INVESTMENT PTY, LLC,<br><br>                              Plaintiff,<br><br>           -against-<br><br>ONESTONE CAPITAL, LLC,<br><br>                              Defendant. | 1:23-cv-04487 (JLR)<br><br>**MEMORANDUM OPINION<br>AND ORDER** |

JENNIFER L. ROCHON, United States District Judge:

Presently before the Court is Plaintiff's motion for a default judgment. ECF No. 23. For the reasons set forth below, Plaintiff's motion is GRANTED.

### BACKGROUND

Plaintiff Capital Investment PTY, LLC ("Plaintiff") commenced this action on May 30, 2023. ECF No. 1. Plaintiff thereafter filed the Amended Complaint on June 5, 2023. ECF No. 7 (the "Amended Complaint" or "AC"). The Amended Complaint asserts claims for breach of the parties' Loan Agreement and, in the alternative, unjust enrichment. AC ¶¶ 23-32. On June 7, 2023, Plaintiff served the Amended Complaint on Defendant Onestone Capital, LLC ("Defendant"). ECF No. 10. After Defendant failed to timely respond to the Amended Complaint, Plaintiff obtained a Certificate of Default from the Clerk of Court on July 5, 2023. ECF No. 15. On August 25, 2023, the Court referred this action to the Magistrate Judge for purposes of Plaintiff's then-anticipated default judgment motion and an inquest on damages if needed. ECF No. 21.

On September 25, 2023, Plaintiff filed a motion for default judgment and supporting papers, including a memorandum of law, declaration with exhibits, and proposed default judgment. ECF Nos. 23-26. Plaintiff also filed a statement of damages. ECF No. 25-5

1

("Statement of Damages"). On October 5, 2023, Plaintiff served its motion for default judgment on Defendant. ECF No. 27. Under Local Civil Rule 6.1(b), the deadline for Defendant to respond to that motion was October 19, 2023. *See* S.D.N.Y. Civil R. 6.1(b) (stating that, unless otherwise provided, "any opposing affidavits and answering memoranda shall be served within fourteen days after service of the moving papers"). Defendant has not responded by that deadline.

Because disposition of Plaintiff's motion is straightforward on the present record, the Court withdraws its prior reference to the Magistrate Judge and rules as follows. *See, e.g.*, *Smith v. Paul A. Castrucci, Architects, PLLC*, No. 20-cv-03176 (JGK), 2021 WL 930628, at *1 (S.D.N.Y. Mar. 11, 2021).

## DISCUSSION

Federal Rule of Civil Procedure ("Rule") 55(a) provides that, when the plaintiff shows by affidavit that the defendant has failed to plead or otherwise defend, the Clerk of Court must enter a default. Under Rule 55(b), the plaintiff may then apply to the court to obtain a default judgment. *See Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95 (2d Cir. 1993). Here, the Clerk of Court has entered a certificate of default. ECF No. 15.

In determining whether to grant a motion for default judgment, courts consider three factors: "(1) whether the defendant's default was willful; (2) whether defendant has a meritorious defense to plaintiff's claims; and (3) the level of prejudice the nondefaulting party would suffer as a result of the denial of the motion for default judgment." *Kelly Toys Holdings, LLC v. alialialiLL Store*, 606 F. Supp. 3d 32, 48 (S.D.N.Y. 2022) (citation omitted); *see also Guggenheim Cap., LLC v. Birnbaum*, 722 F.3d 444, 455 (2d Cir. 2013). If these factors are met, the court next determines "whether the plaintiff has pleaded facts supported by evidence sufficient to establish the defendant's liability with respect to each cause of action" asserted.

*Kelly Toys Holdings, LLC*, 606 F. Supp. 3d at 48 (citation omitted).  "It is an ancient common law axiom that a defendant who defaults thereby admits all well-pleaded factual allegations contained in the complaint."  *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 137 (2d Cir. 2011) (quotation marks and citation omitted).  As a result, the court accepts as true all well-pleaded allegations in the complaint, except those relating to damages.  *See id.*; *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009).  District courts have discretion in deciding a motion for default judgment.  *See Enron Oil Corp.*, 10 F.3d at 95.

"Once liability is determined, the plaintiff bears the burden of establishing an amount of damages with reasonable certainty."  *Kelly Toys Holdings, LLC*, 606 F. Supp. 3d at 48; *see also* Rule 54(c).  Thus, "a plaintiff's claims for damages generally must be established in an evidentiary proceeding at which the defendant is afforded the opportunity to contest the amount claimed."  *Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contractors Inc.*, 699 F.3d 230, 234 (2d Cir. 2012).  However, "such a hearing is not mandatory."  *Id.*  No hearing is required where the district court determines that there is sufficient evidence "upon a review of detailed affidavits and documentary evidence."  *Id.*

The Court has reviewed Plaintiff's motion and supporting submissions.  The Court finds that the first and third factors for entering a default judgment motion are satisfied because "proof of service has been filed, [the] defendant has failed to answer the [Amended] Complaint, the time for doing so has expired, and [the] defendant has failed to appear to contest the entry of default judgment."  *Elevation Health, LLC v. Wong*, No. 22-cv-10308 (PAE), 2023 WL 3842256, at *2 (S.D.N.Y. June 6, 2023) (granting motion for default judgment).  With respect to the second factor, the Court determines that Defendant does not have a meritorious defense to Plaintiff's breach of contract claim and the Court will enter default judgment on that claim, but Defendant does have a defense to Plaintiff's unjust enrichment claim.

"To state a claim for breach of contract under New York law, 'the complaint must allege: (i) the formation of a contract between the parties; (ii) performance by the plaintiff; (iii) failure of defendant to perform; and (iv) damages.'" *Orlander v. Staples, Inc.*, 802 F.3d 289, 294 (2d Cir. 2015) (quoting *Johnson v. Nextel Commc'ns, Inc.*, 660 F.3d 131, 142 (2d Cir. 2011)). Here, the well-pled allegations in the Amended Complaint, accepted as true, establish liability for breach of contract. The parties formed a contract, the Loan Agreement, in July 2019. AC ¶¶ 6, 24-25; ECF No. 25 ("Gamardo Decl.") ¶ 25; ECF No. 25-6 (Loan Agreement); *see also* ECF No. 25-7 (Amendment). After executing the Loan Agreement, Plaintiff performed by transferring $250,000 to Defendant. *See* AC ¶¶ 7, 26; Gamardo Decl. ¶ 25. The Loan Agreement entitled Plaintiff to request a return of the loan so long as it provides Defendant with six months' written notice of the request. AC ¶ 16; Gamardo Decl. ¶ 32. Plaintiff submitted such notice to Defendant. AC ¶¶ 17, 20; Gamardo Decl. ¶¶ 33, 35. Defendant thereafter failed to timely pay Plaintiff the outstanding balance and accrued interest in violation of the Loan Agreement, and Plaintiff suffered damages as a result. AC ¶¶ 13-22, 27-28; Gamardo Decl. ¶¶ 29-37; *see also* Statement of Damages. Accordingly, Defendant is liable to Plaintiff for breach of contract and the Court enters default judgment on that claim.

However, the Court declines to enter default judgment on Plaintiff's unjust enrichment claim, which Plaintiff pleads in the alternative, because it is impermissibly duplicative of the breach of contract claim. *See* AC ¶¶ 29-32; *see, e.g.*, *Elevation Health, LLC*, 2023 WL 3842256, at *3 (concluding that unjust enrichment claim was unavailable on default judgment motion because it was duplicative of the breach of contract claim); *Cont'l Cas. Co. v. Contest Promotions NY, LLC*, No. 15-cv-00501 (MKB), 2016 WL 1255726, at *3-4 (E.D.N.Y. Mar. 28, 2016) (same). Plaintiff acknowledges as much when, in its brief, it indicates that it would dismiss the unjust enrichment claim if a default judgment was entered on the contract claim and

the unjust enrichment claim remained.  *See* ECF No. 24 at 11-12.  Accordingly, to the extent Plaintiff requests default judgment on this claim, that request is denied.

Finally, the Court determines that damages on the breach of contract claim are straightforward and can be ascertained with reasonable certainty without an inquest.  *See Metro Found. Contractors Inc.*, 699 F.3d at 234.  Based on Plaintiff's "detailed affidavits and documentary evidence," *id.*, the Court finds that Plaintiff is entitled to recover $324,008.34 from Defendant for breach of the Loan Agreement, consisting of: (i) $235,000 representing the unpaid principal; plus (ii) $20,890.49 representing the accrued unpaid interests from January 2, 2020, through October 31, 2020 (calculated at 10% per annum on the $250,000 principal balance); plus (iii) $68,117.85 representing the accrued unpaid interests from November 1, 2020 through September 25, 2023 (calculated at 10% per annum on the $235,000 unpaid principal).  Gamardo Decl. ¶¶ 38-45; Statement of Damages.  Plaintiff is also entitled to post-judgment interest pursuant to 28 U.S.C. § 1961(a).

## CONCLUSION

For all of these reasons, Plaintiff's motion for default judgment is GRANTED.  The Court will issue the Default Judgment by separate filing today.  The Clerk of Court is respectfully directed to terminate the motion at ECF No. 23 and CLOSE the case.

Dated: October 24, 2023
       New York, New York

                                            SO ORDERED.

                                            JENNIFER L. ROCHON
                                            United States District Judge